UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CORAL CAPITAL SOLUTIONS LLC,

                        Plaintiff,

                -v-                                          24-CV-3940 (AS)

DISRUPT SOCIAL, LLC and EVAN HART                       ORDER
BLOOMBERG,

                        Defendants.
------------------------------------------------------------------------X

ARUN SUBRAMANIAN, United States District Judge:

      Plaintiff Coral Capital Solutions LLC brings this action against Defendants Disrupt Social, LLC and Evan Hart Bloomberg, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. But there are multiple issues with Plaintiff's jurisdictional allegations.

      First, it is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also,*

*e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).

Second, Plaintiff merely alleges Defendant Bloomberg's state of residence, not his state of citizenship. This is not enough. For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Accordingly, it is hereby ORDERED that, on or before June 3, 2024, the Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity comprising the LLCs involved in this matter. In addition, Plaintiff must properly allege Defendant Bloomberg's citizenship. If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: May 28, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge