

LUCOSKY BROOKMAN LLP

101 Wood Avenue South
5th Floor
Woodbridge, NJ 08830

T – 732-395-4400
F – 732-395-4401

111 Broadway
Suite 807
New York, NY 10006

7300 W 110th Street
Suite 700
Overland Park, KS 66212

www.lucbro.com

December 9, 2024

***VIA ELECTRONIC FILING TO COURT AND COUNSEL OF RECORD***

**Re**:  Coral Capital Solutions, LLC ("<u>Coral</u>") v. Disrupt Social, LLC ("<u>Disrupt</u>")

Dear Judge Subramanian:

Plaintiff, Coral, is a financing company located in New York City that specializes in factoring accounts receivable. Coral's website identifies three members as comprising its management team: Rishi Kumar, Einat Steklov, and James Bertie.  *Id.* Disrupt is a digital marketing company founded by Defendant, Evan Bloomberg.  Disrupt's customers have included well-known brands such as CBS Interactive and Yahoo!.

Coral alleges that it entered into a factoring agreement with Disrupt, which was personally guaranteed by Evan Bloomberg, pursuant to which Coral would purchase and prepay for Disrupt's receivables.  Coral alleges that Disrupt, solely by and through Evan Bloomberg, knowingly submitted receivables to Coral that it knew did not actually exist.  By and through its 101 paragraph Second Amended Complaint, Coral asserts six counts, including fraudulent inducement. (ECF 55 at ¶¶47-101).  The amount at issue in this Action is significant.  Coral seeks more than $1.6 million in actual damages, as well as punitive damages and reimbursement of its fees and costs.  (ECF 55 at ¶54).

During the parties' relationship, Nazema Zaman-Kamrudeen, who remains employed by Coral, served as Mr. Bloomberg's principal and primary contact at Coral.[1]  Mr. Bloomberg regularly exchanged email and other communications exclusively with Ms. Zaman - Kamrudeen.

In its initial disclosures, Coral identified "Nazema Zaman" as an "Account Executive" and an "individual likely to have discoverable information.  *See* (<u>Ex. 1</u>).  Cora identified three additional individuals, James Berti, Rishi Kumar, Einat Steklov.  *Id.*  In its interrogatory responses, Coral identified Ms. Zaman-Kamrudeen as a person possessing relevant information: "Nazema Zaman, Account Executive at Coral Capital Solutions, LLC, dealt directly with Defendants' sold and assigned accounts receivable, the payments made on said

---

[1] Coral Capital incorrectly states that Mr. Bertie with Mr. Bloomberg's principal contact.  That is not correct for the entire period of time after the subject agreement was executed.

accounts receivable, the monies due and owing to Plaintiff, Defendant Bloomberg, and has knowledge of the facts supporting Plaintiff's claims." *See* (Ex. 2).

Coral correctly notes that when Disrupt served a deposition subpoena for Ms. Zaman-Kamrudeen's deposition, Coral objected on the proffered basis that Ms. Zaman-Kamrudeen is not a member of Coral's management. *See* (Ex. 3). In that November 12, 2024, email transmission of a letter, titled, "Letter of Rejection to SB and AM," Coral's attorney stated: "If you want to depose Mr. Kamrudden, you will have to issue a subpoena. Please be advised, again, that as previously stated, if you do subpoena Ms. Kamrudden, we will move to quash any such subpoena." (Id.)[2] As noted, on November 8, 2024, Coral's counsel likewise emailed, "If you subpoena Nazema, please be advised we will move to quash. *See* (Ex. 4). Thus, Coral firmly elected to file its motion regardless of whether a check was provided or otherwise.

Disrupt respectfully disagrees that the deposition notice to an "account executive" was not proper. Courts in this district generally consider five factors to determine whether an individual is a managing agent of a corporate party: "1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation." *See, e.g., Sugarhill Records, Ltd. b. Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985) (internal quotation marks, citation, and emphasis omitted).

Coral is a small company, with eight employees (according to Linked.in). As such, the various parties necessarily have several roles. Ms. Nazem was Mr. Bloomberg's primary contact, through which she received and provided information and provided guidance on instruction on what he was to do. Coral's counsel has stated that it represents Ms. Nazem and that she remains employed, meaning she can certainly be requested to provide testimony at Coral's request. Ms. Nazem is going to be asked about her direct communications with Mr. Bloomberg that took place between only her and Mr. Bloomberg, meaning she is uniquely suited to provide such testimony. Ms. Nazem's responsibilities were tantamount to the relationship at issue. And, given Ms. Nazem's continued employment in a small company, she can be expected to identify with Coral's interests.

Rather than waste time and money litigating the validity of the subject deposition notice, as requested by Coral's counsel, on November 22, 2024, Disrupt personally served Ms. Zaman with the subpoena attached as exhibit 1 to the letter motion (the "Subpoena"). Because Coral's counsel had previously insisted that Mr. Bloomberg's (now completed) deposition be taken at its Manhattan office, the Subpoena calls for Ms. Zaman-Kamrudeen,

---

[2] It seems odd to Disrupt and its counsel that Coral Capital would insist on having one of its employees personally served by a process server, although it is unfortunately not surprising in light of the interactions that Disrupt has repeatedly encountered with Coral Capital's attorneys in this Action.

whom Disrupt understands lives in the NYC metropolitan region, to appear on December 10, 2024, at 10:30 am at Coral's counsels' office. This date was not selected randomly, but rather chosen because Coral's representative, Mr. Bertie, is scheduled to be deposed at Coral's Manhattan offices on December 11, 2024, and Disrupt's Kansas City-based lead-attorney seeks to incur costs and fees for travel once. Because Ms. Zaman is an employee of Coral who was identified twice as possessing knowledge of the case, the Subpoena does not require to search or produce documents or other materials, as such materials should have already been produced through Coral.

At no time did Ms. Zaman-Kamrudeen submit any written objections to the Subpoena. Instead, and implicitly recognizing the validity of the Subpoena, on Monday, November 25, 2024, Coral's counsel emailed as follows: "We are renewing our request for a meet and confer to discuss the subpoena issued by your office to depose Nazema Kamrudeen. Please advise if you are available to meet and confer with us tomorrow morning, or sometime on Monday, December 2, 2024." Mr. Blatnick responded later that same day, informing Coral's counsel that he was available the Monday afternoon following the Thanksgiving holiday. On Monday, December 2, 2024, Mr. Blatnick had a telephonic call with Coral's two attorney of record.[3] During that call, which took eight minutes, Coral did not raise the issue of any failure to include a check for Ms. Zaman's travel to Coral's counsels' office. Instead, Coral's counsel stated that they would not make anyone other than Mr. Bertie available for deposition, period. It was not until receiving the letter motion that Disrupt was first made aware of Coral's alleged deficiency (to a subpoena that it twice stated that it would move to quash, after refusing to accept service of a deposition notice). Disrupt is in the process of serving the witness with a fee check.

This case concerns, literally, millions of dollars. Disrupt seeks to take two depositions and has agreed to do them at Coral's counsels' New York offices, minimizing any inconvenience to the witness. Ms. Zaman had countless exclusive communications with Mr. Bloomberg during the course of the parties' relationship and she was, at times, open and candid as to Coral's actions, inactions and practices. Disrupt is entitled to depose her given her role as point of contact and exclusive communications on behalf of Coral.

Rule 5(b) of Your Honor's local rules state as follows: "Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party—in person, by videoconference, or by telephone—to resolve the dispute. This process must include at least one conference among Lead Trial Counsel for the parties involved in the dispute."

Coral failed to provide written objections, and it completely failed to raise the issue of fee payment during the December 2, 2024, meet and confer or otherwise before filing its letter motion. Disrupt does not believe Coral has satisfied the aforementioned rule, and Disrupt is taking steps to insure the employee-witness receives her payment on or before

---

[3] It is unclear to Disrupt's counsel why, if Coral is actually pursuing its proffered purpose of efficiency and cost savings, why two attorney where necessary for a basic discovery call, Mr. Bloomberg's deposition, and every other facet of this Action.

3

Tuesday's scheduled deposition. Disrupt respectfully requests that the Court deny the Motion and award any relief it deems just and appropriate in favor of Disrupt.

Sincerely,

*/s/ Samuel L. Blatnick*

Samuel L. Blatnick, Esq.

The parties in this case are ordered to follow the Court's first rule of individual practice, which requires civility, cooperation, and good faith in all cases. Both sides have plainly violated this rule, among other rules. On December 10, the parties' lead trial counsel must meet and confer with each other to (1) let bygones be bygones and (2) figure out a schedule for Ms. Zaman-Kamrudeen's deposition. If the parties can't work their differences out, then they should be prepared to appear in person for a hearing on the motion to quash on Friday, December 13, at 3 pm ET. Lead trial counsel must attend. At that hearing, the Court will explore the following issues:

1. Why was a subpoena necessary for an individual identified in the plaintiff's Rule 26(a) disclosure and who is apparently an employee of the plaintiff?
2. Why are the parties having meet-and-confer sessions that last "5 minutes" or "8 minutes" as opposed to trying in good faith to work out the issues that have been presented?
3. Why instead have the parties spent hours on letters regarding a motion to quash, and why is the motion to quash being filed days before the deposition? Why wasn't this issue raised with the Court weeks ago?

The parties should be prepared to address all of these questions at the hearing, which will not be rescheduled. But really, the parties should make their best efforts to resolve these issues without the Court's intervention. The parties must file a joint letter by December 11, 2024, advising the Court whether they resolved their differences.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 54.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 10, 2024

4